BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
DEANNA L. MARTINEZ
Assistant U.S. Attorneys
2500 Tulare Street
Fresno, California  93721
Telephone:  (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | 1:08-cr-0124 OWW |
| ) | |
| Plaintiff,       ) | ORDER RE: |
| ) | GOVERNMENT'S MOTION FOR |
| ) | PRETRIAL AUTHENTICATION |
| v.                     ) | HEARING AND REQUEST FOR ORDER |
| ) | AUTHORIZING ADMISSIBILITY OF |
| ) | AUDIO RECORDINGS AND |
| EUSTORGIO FLORES, et al.,            ) | TRANSCRIPTS |
| ) | [DOC 125] |
| Defendant.       ) | |
| _____) | |

The above-captioned matter was heard before this Court on March 5, 2010.  The Court considered oral argument by the parties and written pleadings consisting of: (1) the government's motion for a pretrial order authorizing the admissibility of audio recordings and transcripts, (2) the defendant's opposition, and (3) the government's reply.  The Court also received sworn testimony from Michael Kennedy, Jason Browne, Clarence Williams and Todd Kuehnlein.

The government intends to play at trial recorded conversations obtained during monitored calls and the interception

1

of wire communications obtained during the investigation of this case.  As part of the pretrial discovery process, the government has produced copies of those recordings and transcriptions of the recordings it intends to produce at trial.

The authentication of the tapes and transcripts is a factual issue to be decided by the Court, not the jury, by a preponderance of the evidence.  Fed.R.Evid. 104(a), 901(a); cf. Zenith Radio Corp. V. Matsushita Electric Industrial Co., Ltd., 505 F.Supp. 1190, 1219 (E.D. Penn. 1980), affirmed in part and reversed on other grounds, In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983).

Based on Agent Kennedy's and Kuehnlein's and Jason Browne's testimony regarding the procedure followed to obtain the recordings; proper functioning of the equipment used to intercept the conversations and confirmation that the voices identified on the transcripts were those individuals indicated on the transcripts the government has established the foundation for authentication of the tape recordings marked as Government Exhibits 1-a, 1-b, 1-c and 1-d.  Based on Agent Kuehnlein's and Clarence Williams' testimony that the transcripts are an accurate translation and transcription of the recorded conversations, the government has established the foundation for authentication of the transcriptions marked in the 1-a, 1-b, 1-c, and 1-d series of Government Exhibits, as well as Government Exhibits 2-a, 3-a, 4-a, 5-a, 6-a, 7-a, and 8-a.  However, the government has not yet established the foundation regarding the procedure followed to obtain the recordings marked Government Exhibits 2, 3 and 5.

IT IS THEREFORE THE ORDER OF THE COURT that Government

Exhibits 1-a, 1-b, 1-c, 1-d, 4, 6, 7, and 8 and the transcripts pertaining to those recordings are admitted into evidence.  The transcripts which have been marked Government Exhibits 2-a, 3-a and 5-a shall be admitted upon the government's introduction of the proper foundation for the recordings to which they pertain.

IT IS SO ORDERED.

**Dated:   April 2, 2010**               /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE