BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
DEANNA L. MARTINEZ
Assistant U.S. Attorneys
2500 Tulare Street
Fresno, California  93721
Telephone:  (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:08-cr-0124 OWW |
| | ) |
| Plaintiff, | ) ORDER RE: RULE |
| | ) 404(b) AND 609 EVIDENCE |
| | ) RELATING TO DEFENDANT FLORES |
| v. | ) |
| | ) |
| EUSTORGIO FLORES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The above-captioned matter was heard before this Court on March 8, 2010.  The Court considered oral argument by the parties and its written pleadings consisting of the government's notice of its intention to introduce Rule 404(b) and Rule 609 evidence of the defendant Flores' 1997 conviction for felony conviction of possession for sale of narcotic.

Pursuant to Rule 404(b), the Court found that the evidence satisfied the Ninth Circuit's four-part test regarding admissibility.  That is, the evidence bears on a material element, i.e., knowledge and intent, of the offenses for which the

1

defendant is now charged.  The evidence is also similar to the type of drug involved in the charges.  Proof of the prior conduct could be made on the basis of sufficient evidence.   Finally, the prior conduct is not too remote in time.

However, the Court found based on a balancing of the probative value of the evidence against its prejudicial effect that any Rule 404(b) evidence introduced in the government's case in chief that refers to the defendant's conviction is potentially more prejudicial than probative and is not admissible.

However, should the defendant testify at trial, pursuant to Rule 609(a), the government may impeach the defendant regarding the fact and date of the prior conviction.  With regard to the balancing of the probative value of the prior narcotics conviction against its prejudicial effect, the Court finds that evidence of such prior conviction bears on credibility and therefore its probative value outweighs its prejudicial effect.

Unless and until further offer of proof,

IT IS THEREFORE THE ORDER OF THE COURT that the government's Rule 404(b) and Rule 609 evidence is admissible only to the extent set forth herein.

IT IS SO ORDERED.

**Dated:   April 6, 2010**            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE

2