UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUSTORGIO FLORES,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **CASE NO. 1:08-CR-124 AWI**<br>          **(1:13-CV-688 AWI)**<br><br>**ORDER FOR RESPONSE FROM DEFENSE COUNSEL AND ORDER ON MOTION TO EXPEDITE**<br><br>(Crim. Doc. No. 428) |

Petitioner Eustorgio Flores challenges his conviction through this petition to set aside or vacate under 28 U.S.C. § 2255.

*Background*

On April 8, 2010, a jury trial before Senior District Judge Oliver Wanger was commenced against Petitioner and two other co-defendants. See Doc. No. 231. On April 23, 2010, the jury reached a unanimous verdict. See Doc. No. 252. Of the six counts against Petitioner, the jury found that Petitioner was not guilty of Counts 2 and 3, but was guilty of Counts 1, 4, 5, and 6.[1]  See id.

On June 22, 2010, Petitioner's counsel filed an untimely motion for acquittal or new trial. See Doc. No. 294. In that motion, Petitioner's counsel argued that there was insufficient evidence to support any of the convictions. See id.

---

[1] Count 1 was conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count 4 was attempted distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count 5 was distribution of methamphetamine near an elementary school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. Count 6 was possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2.

On July 12, 2010, the Court denied Petitioner's motion for acquittal because it was untimely. See Doc. Nos. 308, 394.

On August 23, 2010, a sentencing hearing was held. See Doc. No. 326. After hearing arguments from counsel and a statement from Petitioner, Judge Wanger sentenced Petitioner to 324 months confinement on each of the four counts, with terms to run concurrently. See Doc. No. 326. Judgment and commitment were entered two days later on August 25, 2010. See Doc. No. 331.

On August 24 and 25 2010, Petitioner filed notices of appeal to the Ninth Circuit. See Doc. Nos. 324, 326, 329. On November 2, 2012, the Ninth Circuit affirmed Petitioner's conviction. See Doc. No. 413. The Ninth Circuit held that there was sufficient evidence to support conviction on Count 4 (attempted distribution of methamphetamine) and Count 5 (distribution of methamphetamine near an elementary school). See id. Evidence in the form of intercepted telephone conversations and testimony from Drug Enforcement Agency ("DEA") agents as to the price and quantity of methamphetamine was sufficient to support a finding of guilt as to Count 4. See id. Evidence in the form of intercepted telephone conversations, surveillance evidence, and DEA agent testimony was sufficient for a jury to conclude that Petitioner directed the sale of drugs from his residence and thus, a finding of guilt as to Count 5. See id. Finally, Petitioner's ineffective assistance of counsel claim was rejected. See id. Petitioner argued his counsel was ineffective for not making a timely motion of acquittal. See id. The Ninth Circuit rejected the claim because it reviewed the sufficiency of the evidence *de novo*, and the district court indicated that it would have denied a timely motion in any event because of the overwhelming nature of the evidence. See id. The Ninth Circuit issued its mandate on November 27, 2012. See Doc. No. 414.

On May 8, 2013, Petitioner filed this petition. See Doc. No. 424. Petitioner raises a single claim – ineffective assistance of counsel. Petitioner's single ground reads in its entirety:

> Prior to trial the government offered me a guilty plea for 24 years imprisonment. Counsel advised me to reject the plea because the government had no evidence that I was in possession of or participated in the sell [sic] of drugs; that I was not present at the residence when an alleged sell [sic] was made; and, that I would not be found guilty at trial of these charges. But for counsel's ineffective assistance

and advice to go to trial because the government had no evidence against me, I would have accepted the guilty plea for 24 years or less depending on the level of acceptance of responsibility awarded.

Id.

On April 14, 2014, Petitioner filed a motion to expedite a decision on his § 2255 petition. See Doc. No. 428.

*Legal Standard*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

*Discussion*

To establish ineffective assistance of counsel, a § 2255 petitioner must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner. See Strickland v. Washington,

3

1  466 U.S. 668, 687 (1984); United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir. 2005). Courts
2  must indulge in a strong presumption that counsel's conduct falls within the wide range of
3  reasonable professional assistance, and that counsel "exercised acceptable professional judgment
4  in all significant decisions made. See Strickland, 466 U.S. at 689; Hughes v. Borg, 898 F.2d 695,
5  702 (9th Cir. 1990). In the context of plea bargains, ineffective assistance of counsel claims may
6  arise not only when an attorney fails to inform a client of a plea bargain, but also when an attorney
7  fails to advise a client to enter a plea bargain when it is clearly in the client's best interest. See
8  Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012); Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012);
9  United States v. Leonti, 326 F.3d 1111, 1120 (9th Cir. 2003); Blaylock, 20 F.3d at 1466. The
10 prejudice prong of *Strickland* is met in plea bargain cases when the petitioner shows that that the
11 outcome of the plea process would have been different with competent advice. Lafler, 132 S.Ct. at
12 1384; see also Blaylock, 20 F.3d at 1466. Where ineffective advice leads to the rejection of a plea
13 bargain, a petitioner must show that, but for the ineffective advice of counsel, there is a reasonable
14 probability that the petitioner would have accepted the plea offer, that the prosecution would not
15 have withdrawn the offer in light of intervening circumstances, that the court would have accepted
16 the plea offer's terms, and the conviction, sentence, or both would have been less severe than
17 under the judgment and sentence actually imposed. Lafler, 132 S.Ct. at 1384. If a petitioner can
18 show ineffective assistance of counsel with respect to a rejected plea offer, a court must fashion a
19 remedy that will "'neutralize' the taint' of a constitutional violation, while at the same time not
20 grant a windfall to the defendant or needlessly squander the considerable resources that the
21 [government] properly invested in the criminal prosecution." Id. at 1388-89. Generally, the
22 remedy crafted will be either a resentencing in conformity with the term of confinement offered in
23 the plea bargain, or requiring the government to reoffer the plea bargain. See id. at 1389.

24        Here, the Court is concerned with the representations in the petition. The petition suggests
25 that Petitioner may have received ineffective assistance of counsel during the plea process. The
26 sentence imposed was 3 years greater than the plea offer. At this point, the Court believes that it is
27 appropriate to order a response from Petitioner's trial counsel, Richard Rumery. Once the Court
28 has received Mr. Rumery's response, the Court will issue additional orders as it deems necessary.

With respect to Petitioner's motion to expedite a ruling, the motion is unnecessary. Petitioner's petition is in the process of being resolved.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Not later than twenty (20) days from the date of service of this order, Petitioner's trial counsel, Richard Rumery, shall file a declaration setting forth such facts as are known to him that pertain to discussions regarding the alleged 24-year plea bargain offered by the government, including a description of the plea offer and discussions whether to accept the plea offer;

2. Mr. Rumery shall include in his declaration any other facts that he believes may be pertinent to the ineffective assistance claim raised by Petitioner; and

3. Petitioner's motion to expedite (Doc. No. 428) is DENIED.

IT IS SO ORDERED.

Dated:   April 17, 2014                                   _____
                                                          SENIOR DISTRICT JUDGE