UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUSTORGIO FLORES,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | CASE NO.  1:08-CR-124 AWI<br>(1:13-CV-688 AWI)<br><br>**ORDER ON 28 U.S.C. § 2255 PETITION**<br><br>(Crim. Doc. No. 424) |

Petitioner Eustorgio Flores challenges his conviction through this petition to set aside or vacate under 28 U.S.C. § 2255.

*Background*

On April 8, 2010, a jury trial before Senior District Judge Oliver Wanger was commenced against Petitioner and two other co-defendants.  See Doc. No. 231.  On April 23, 2010, the jury reached a unanimous verdict.  See Doc. No. 252.  Of the six counts against Petitioner, the jury found that Petitioner was not guilty of Counts 2 and 3, but was guilty of Counts 1, 4, 5, and 6.[1]  See id.

On June 22, 2010, Petitioner's counsel filed an untimely motion for acquittal or new trial. See Doc. No. 294.  In that motion, Petitioner's counsel argued that there was insufficient evidence to support any of the convictions.  See id.

On July 12, 2010, the Court denied Petitioner's motion for acquittal because it was untimely.  See Doc. Nos. 308, 394.

---

[1] Count 1 was conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Count 4 was attempted distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Count 5 was distribution of methamphetamine near an elementary school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860.  Count 6 was possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2.

On August 23, 2010, a sentencing hearing was held. See Doc. No. 326.   After hearing arguments from counsel and a statement from Petitioner, Judge Wanger sentenced Petitioner to 324 months confinement on each of the four counts, with terms to run concurrently. See Doc. No. 326. Judgment and commitment were entered two days later on August 25, 2010. See Doc. No. 331.

On August 24 and 25 2010, Petitioner filed notices of appeal to the Ninth Circuit. See Doc. Nos. 324, 326, 329. On November 2, 2012, the Ninth Circuit affirmed Petitioner's conviction. See Doc. No. 413. The Ninth Circuit held that there was sufficient evidence to support conviction on Count 4 (attempted distribution of methamphetamine) and Count 5 (distribution of methamphetamine near an elementary school). See id. Evidence in the form of intercepted telephone conversations and testimony from Drug Enforcement Agency ("DEA") agents as to the price and quantity of methamphetamine was sufficient to support a finding of guilt as to Count 4. See id. Evidence in the form of intercepted telephone conversations, surveillance evidence, and DEA agent testimony was sufficient for a jury to conclude that Petitioner directed the sale of drugs from his residence and thus, a finding of guilt as to Count 5. See id. Finally, Petitioner's ineffective assistance of counsel claim was rejected. See id. Petitioner argued his counsel was ineffective for not making a timely motion of acquittal. See id. The Ninth Circuit rejected the claim because it reviewed the sufficiency of the evidence *de novo*, and the district court indicated that it would have denied a timely motion in any event because of the overwhelming nature of the evidence. See id. The Ninth Circuit issued its mandate on November 27, 2012. See Doc. No. 414.

On May 8, 2013, Petitioner filed this petition. See Doc. No. 424. Petitioner raises a single claim – ineffective assistance of counsel. Petitioner's single ground reads in its entirety:

> Prior to trial the government offered me a guilty plea for 24 years imprisonment. Counsel advised me to reject the plea because the government had no evidence that I was in possession of or participated in the sell [sic] of drugs; that I was not present at the residence when an alleged sell [sic] was made; and, that I would not be found guilty at trial of these charges. But for counsel's ineffective assistance and advice to go to trial because the government had no evidence against me, I would have accepted the guilty plea for 24 years or less depending on the level of acceptance of responsibility awarded.

2

Id.

On April 22, 2014, the Court ordered Petitioner's counsel, Richard Rumery, to file a response to allegations of the Petitioner. See Doc. No. 429. After several extensions of time, Mr. Rumery filed a responding declaration. See Doc. No. 433.

Mr. Rumery declares that he met with Petitioner on January 28, 2010. See id. at ¶ 4. Rumery questioned Petitioner about Petitioner's part in the alleged drug deal. See id. at ¶ 5. Petitioner provided a translated letter that explained how Petitioner came to be at the scene of the drug bust, and "insisted that he was not involved in the drug deal and did not know that it was happening and who the participants may have been." Id. Rumery declares that he informed Petitioner that the U.S. Attorney indicated that Petitioner qualified for a 3-level reduction but that the accepted offer would lead to a 24 year 4 month sentence. See id. at ¶ 6. Rumery and Petitioner discussed the offer and came to the conclusion that the offer was not good because it was very close to the maximum sentence that Petitioner would receive if found guilty on all charges. See id. Rumery declares that both he and Petitioner believed that the offer was not good and should be rejected. See id. Rumery declares that he and Petitioner also agreed that if settlement were not possible, then Petitioner should go to trial. See id. at ¶ 7. Rumery declares that both he and Petitioner believed that Petitioner had a strong defense, that the evidence was insufficient, and that the government would not be able to show guilt beyond a reasonable doubt. See id. Rumery declares that both he and Petitioner felt that there was no evidence linking Petitioner to the drugs, Petitioner was not physically present, and was never in possession of the drugs. See id. Rumery declares that it seemed that Petitioner would likely prevail at trial because the evidence against him was weak, circumstantial, and speculative. See id. Rumery declares that, given these considerations, Petitioner was convinced that he should reject the plea offer and instead proceed to trial. See id. Rumery declares that if the U.S. Attorney had made a better offer, Petitioner would have been willing to consider it. See id. During the January 2010 meeting, Rumery declares that he discussed with Petitioner whether Petitioner was willing to testify at trial. See id. at ¶ 8. Rumery declares that Petitioner was willing to testify, and Rumery warned Petitioner that the testimony would have to be good to overcome a prior drug dealing conviction.

See id. Rumery declares that he informed Petitioner that Petitioner would have to convince the jury that he did not know what the "package" contained, and Flores responded that he understood and was willing to testify. See id. Finally, Rumery declares that his January 2010 conversation was inputted into a case tracking file in his office, and he has attached copy of that memo to his declaration. See id. at ¶ 9. The memo is dated February 2, 2010, and it contents are consistent with Rumery's declaration. See id. at Attachment A.

On July 3, 2014, the Court ordered Petitioner to file a response to Rumery's declaration. See Doc. No. 435. The time for filing a response has passed, and Petitioner never responded.

*Legal Standard*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

To establish ineffective assistance of counsel, a § 2255 petitioner must show: (1) counsel's

representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir. 2005).  Courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and that counsel "exercised acceptable professional judgment in all significant decisions made.  See Strickland, 466 U.S. at 689; Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990).

In the context of plea bargains, ineffective assistance of counsel claims may arise not only when an attorney fails to inform a client of a plea bargain, but also when an attorney fails to advise a client to enter a plea bargain when it is clearly in the client's best interest.  See Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012); Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012); United States v. Leonti, 326 F.3d 1111, 1120 (9th Cir. 2003); Blaylock, 20 F.3d at 1466.  However, "[t]rials are difficult to predict, and advising a criminal defendant whether to accept or reject a plea offer can be a tricky proposition . . . . To support a claim of ineffective assistance of counsel under *Strickland*, the advice would have to fall outside a wide range of reasonable professional assistance."  United States v. Martini, 31 F.3d 781, 782 n.1 (9th Cir. 1994).  "Counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision."  Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002).  The prejudice prong of *Strickland* is met in plea bargain cases when the petitioner shows that that the outcome of the plea process would have been different with competent advice.  Lafler, 132 S.Ct. at 1384; see also Blaylock, 20 F.3d at 1466.  Where ineffective advice leads to the rejection of a plea bargain, a petitioner must show that, but for the ineffective advice of counsel, there is a reasonable probability that the petitioner would have accepted the plea offer, that the prosecution would not have withdrawn the offer in light of intervening circumstances, that the court would have accepted the plea offer's terms, and the conviction, sentence, or both would have been less severe than under the judgment and sentence actually imposed.  Lafler, 132 S.Ct. at 1384.

*Discussion*

In light of Rumery's declaration and Petitioner's failure to respond to that declaration, there is an insufficient indication that Rumery provided ineffective assistance of counsel.

Rumery's declaration indicates that Petitioner insisted that he was not involved in the drug deal, that Rumery discussed the strengths and weaknesses of the facts of the case with Petitioner, and explained why he felt that the government's case was weak. Rumery also reviewed the plea offer and found that it was only slightly better than the potential maximum sentences, and Petitioner agreed that it was not a good offer. Petitioner does not explain how Rumery's advice or assessment were professionally unreasonable or inaccurate, and there is nothing to indicate that Rumery's assessment of the evidence or the plea offer was "outside a wide range of reasonable professional assistance." Martini, 31 F.3d at 782 n.1. The discussions that Rumery had with Petitioner gave Petitioner the tools he needed to make an informed decision. See Turner, 281 F.3d at 881. It seems that Petitioner relies heavily on the fact that he was convicted by a jury. However, that Rumery's prediction was incorrect does not show ineffective assistance of counsel. See id. Rumery is not required to have predicted the precise result. See id.; Martini, 31 F.3d at 782 n.1. Counsel are strongly presumed to have engaged in conduct that falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689; Hughes, 898 F.2d at 702. Petitioner has not done enough to rebut that strong presumption.

Because Petitioner has not adequately demonstrated professionally unreasonable conduct, he is not entitled to relief under § 2255.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's petition for relief under 28 U.S.C. § 2255 (Doc. No. 424) is DENIED.

IT IS SO ORDERED.

Dated:   August 12, 2014                              _____
                                                      SENIOR DISTRICT JUDGE