UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSTORGIO FLORES,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO.  1:08-CR-124 AWI<br>                  (1:13-CV-688 AWI)<br><br>ORDER ON MOTION FOR COPIES OF DOCUMENTS<br><br>(Doc. No. 472) |

On August 13, 2014, the Court denied Petitioner's 28 U.S.C. § 2255 petition.  See Doc. No. 437.  Thereafter, the Court declined to issue a certificate of appealability.  See Doc. No. 444.  On appeal, the Ninth Circuit also declined to issue a certificate of appealability.  See Doc. No. 459.

On September 25, 2015, Petitioner filed a motion for copies of the affidavit that supported various warrants.  See Doc. No. 486.  The Court construed the motion as one for discovery under Rule 6 of the Rules Governing § 2255 proceedings.  See Doc. No. 469.

On December 21, 2015, Petitioner filed a motion for copies.  See Doc. No. 472.  Petitioner seeks copies of the following:  (1) affidavit in support of warrant; (2) arrest warrant; (3) search warrant; (4) consent to search form; and (5) criminal complaint.  See id.  Petitioner explains:  "I need the above documents so I can appeal under Cause and Prejudice or the court will couse [a] miscarriage of justice."  Id.  The Court construes this a motion for discovery under Rule 6 of the Rules Governing § 2255

*Legal Standard*

"[T]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter."  Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993); see

United States v. Fields, 761 F.3d 443, 478 (5th Cir. 2014).  Pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings, a prisoner may engage in discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants him leave to do so, but not otherwise."  United States v. Roane, 378 F.3d 382, 402 (4th Cir. 2004).  A petitioner demonstrates "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); Fields, 761 F.3d at 478; Roane, 378 F.3d at 403.  "Courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."  Fields, 761 F.3d at 478; see Calderon v. United States Dist. Ct., 98 F.3d 1102 (9th Cir. 1996).

*Discussion*

Petitioner again has failed to demonstrate good cause.  First, there are no allegations that suggest an entitlement to relief if facts are fully developed.  See Bracy, 520 U.S. at 908-09; Fields, 761 F.3d at 478.  Second, as explained in the Court's prior order denying discovery/copies, Petitioner's § 2255 petition has been denied, and the Ninth Circuit has refused to grant a certificate of appealability.[1]  Therefore, further development of the factual record will not make Petitioner more likely to be entitled to relief.   Because Petitioner has failed to demonstrate "good cause," his motion will be denied.  Bracy, 520 U.S. at 908-09; Fields, 761 F.3d at 478; Roane, 378 F.3d at 403.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner motion for copies/discovery (Doc. No. 472) is DENIED.

IT IS SO ORDERED.

Dated:   January 25, 2016                             _____
                                                                           SENIOR DISTRICT JUDGE

---

[1] The Court notes that, prior to filing a successive § 2255 petition with the district court, a petitioner must first obtain permission from the Circuit Court of Appeals to file the successive petition.  See 28 U.S.C. § 2255(h).