# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUSTORGIO FLORES,** | CASE NO. 1:08-CR-124 AWI |
| Petitioner, | (1:13-CV-688 AWI) |
| v. | **ORDER ON MOTION FOR RECONSIDERATION** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | (Doc. No. 472) |

On August 13, 2014, the Court denied Petitioner's 28 U.S.C. § 2255 petition. See Doc. No. 437. Thereafter, the Court declined to issue a certificate of appealability. See Doc. No. 444. On appeal, the Ninth Circuit also declined to issue a certificate of appealability. See Doc. No. 459.

On September 25, 2015, Petitioner filed a motion for copies of the affidavit that supported various warrants. See Doc. No. 486. The Court construed the motion as one for discovery under Rule 6 of the Rules Governing § 2255 proceedings and denied the motion on September 30, 2015. See Doc. No. 469.

On December 21, 2015, Petitioner filed a motion for copies. See Doc. No. 472. The Court construed this as a motion for discovery and denied it on January 25, 2016, for similar reasons as the September 25, 2015 motion. See Doc. No. 475. The Court found that Petitioner had again failed to show good cause as required by *Bracey v. Gramley*, 520 U.S. 899 (1997), because: (1) there were no allegations that suggested an entitlement to relief if facts were fully developed, and (2) as explained in prior orders, Petitioner's § 2255 petition was been denied, and the Ninth Circuit refused to grant a certificate of appealability.[1] See id.

---

[1] The Court once again notes that, prior to filing a successive § 2255 petition with the district court, a petitioner must first obtain authorization from the Circuit Court of Appeals to file the successive petition. See 28 U.S.C. § 2255(h).

On August 24, 2016, Petitioner filed a motion for reconsideration of the Court's January 25, 2016 order denying discovery/copies. See Doc. No. 496. In his motion for reconsideration, Petitioner states that he did not receive the Court' order of January 25, 2016. See id. Petitioner also provides more factual detail with respect to items requested and the reasons Petitioner wants the items.

Accepting Petitioner's representations as true, that he did not receive a copy of the Court's January 25, 2016 order is not grounds for reconsideration. That reason in no way addresses the deficiencies in Petitioner's December 2015 motion. Further, although Petitioner provides additional information in support of his request, he does not address the fact that a § 2255 petition has already been denied and the Ninth Circuit has refused to grant a certificate of appealability. Because there remains no § 2255 proceeding, and authorization from the Ninth Circuit is necessary before a successive § 2255 petition may proceed, there is no basis for permitting discovery. See Linbald v. United States, 2016 U.S. Dist. LEXIS 38010, *8 (C.D. Cal. Mar. 22, 2016); see also United States v. Ruelas, 2011 U.S. Dist. LEXIS 143314, *5-*6 (C.D. Cal. Dec. 13, 2011); United States v. Riley, 2011 U.S. Dist. LEXIS 56373, *5 n.1 (S.D. Ga. May 11, 2011). Therefore, there is no basis for granting reconsideration.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration is DENIED; and
2. The Clerk shall serve a copy of this order on Petitioner at: Federal Correctional Institution Big Spring, 1900 Simler Ave., Big Spring, TX 79720.

IT IS SO ORDERED.

Dated: July 7, 2017

SENIOR DISTRICT JUDGE