# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:08-CR-124 AWI-1** |
| **Plaintiff,** | |
| v. | **ORDER ON MOTIONS FOR TRANSCRIPTS** |
| **EUSTORGIO FLORES ,** | |
| **Defendant** | (Doc. No. 514, 517) |

On September 20, 2019, and November 26, 2019, Defendant filed two motions seeking transcripts from various status conference hearings ranging from May 2008 to March 2010. See Doc. Nos. 514, 517. Defendant explains that he wants to know what was said at these status conferences regarding tolling of the Speedy Trial Act and whether there may be a violation of the Speedy Trial Act. See id. If there is a violation of the Speedy Trial Act, Defendant states that he will show this violation through Federal Rule of Civil Procedure 60(b)(6) or the Federal Rules of Civil Procedure. See id. Defendant states that if he has to pay for the transcripts, then he would like to pay $0.15 per page. See Doc. No. 514.

After consideration, the Court at this time will not authorize transcripts for several reasons. First, the transcripts would have to ordered from the Court reporter; the transcripts are not on the docket. Under 28 U.S.C. § 753(f), the Court reporter may charge the requesting party a fee for the transcripts. There is no indication that Defendant has sufficient funds to pay for the transcripts. Second, in August 2022, Defendant was granted CJA counsel and is in the process of pursuing relief under the First Step Act. See Doc. No. 525. No other motions or filings have been filed in the docket relating to the motion for transcripts. Given the passage of time, it appears to the Court

that Defendant has abandoned his attempts to obtain transcripts or attempts to obtain relief through the transcripts.  Third, Defendant has already filed a 28 U.S.C. § 2255 petition which was denied, and for which the Ninth Circuit refused to grant a certificate of appealability.[1]  There is no indication that Defendant has received permission to file a successive § 2255 petition, which means that a successive § 2255 petition cannot be made.  Fourth, there is nothing on the record to suggest that a violation of the Speedy Trial Act occurred, and Flores's requests do not sufficiently indicate that a violation is possible or probable.  Finally, and most importantly, a "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty . . . shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." 18 U.S.C. § 3162(a)(2); United States v. Williams, 450 F. App'x 600, 603 (9th Cir. 2011); United States v. Brickey, 289 F.3d 1144, 1150 (9th Cir. 2002), overruled on other grounds by United States v. Contreras, 593 F.3d 1135, 1136 (9th Cir. 2010).  Because Defendant never moved to dismiss the indictment on the basis of a Speedy Trial Act violation prior to his trial, he has waived any violation of the Speedy Trial Act.  See Brickey, 289 F.3d at 1150 (noting that the Speedy Trial Act provides for no exception to its waiver provisions).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motions for transcripts (Doc. Nos. 514, 517) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   January 11, 2023                                    _____
                                                              SENIOR DISTRICT JUDGE

---

[1] The Court notes that, prior to filing a successive § 2255 petition with the district court, a petitioner must first obtain permission from the Circuit Court of Appeals to file the successive petition.  See 28 U.S.C. § 2255(h).