UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUSTORGIO FLORES,<br><br>Defendant. | No. 1:08-cr-00124-ADA<br><br>ORDER DENYING IN PART AND GRANTING IN PART REQUEST TO SEAL/REDACT DOCUMENTS<br><br>(ECF No. 528) |

Before the Court is the request of Defendant Eustorgio Flores ("Defendant"), to file under seal Exhibits A and B and to redact Exhibit E attached to his pending mtion for compassionate release. (ECF No. 528.) Upon review of the motion and exhibits, the Court partially denies and partially grants the request for the reasons stated below.

**I.     Background**

On August 23, 2010, Defendant was sentenced in this action after a jury trial found him guilty. (ECF No. 326.) On February 3, 2016, Defendant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 477.) On August 31, 2018, the Court denied the motion. (ECF No. 508.) Defendant appealed the Court's decision on September 11, 2018, and the Ninth Circuit Court of Appeals affirmed the Court's order on December 12, 2019. (ECF Nos. 509, 518.)

///

On July 26, 2023, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 527.) That same day, Defendant also filed a one-page notice and request to seal Exhibits A and B and to redact Exhibit E to his motion for compassionate release. (ECF No. 528.)

## II.     Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The federal common law right of access "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Id*. (citations and quotation marks omitted).

In deciding whether sufficient countervailing interests exist, the Court looks to the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Id*. at 1213. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Ambriz v. CVS Pharmacy, Inc.*, No. 119CV01391NONEBAM, 2020 WL 4368364, at *1 (E.D. Cal. July 30, 2020) (citing *Kamakana*, 447 F.3d at 1179).

## III.    Discussion

In the notice of request to seal documents, Defendant makes a blanket request to seal Exhibits A and B and to redact Exhibit E without stating why those documents should be sealed or redacted and without citing to any authority that allows the Court to do so. (*See* ECF No. 528.) Defendant submitted to the Court an 81-page file containing Exhibits A through E and a presentence report. A thorough review of Exhibit A makes it apparent to the Court that it should

1  be sealed as it contains sensitive and private medical information.  *See San Ramon Reg'l Med. Ctr.,*
2  *Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10,
3  2011) (recognizing that the need to protect medical privacy has qualified as a "compelling reason"
4  for sealing records).  As there is no practical way to redact the voluminous documents in Exhibit A
5  while still making them legible, the Court seals Exhibits A.

6  As to Defendant's request to seal Exhibit B and redact Exhibit E, the Court denies
7  Defendant's request as Defendant failed to provide a for such a request.  Without any guidance
8  from Defendant, the Court is expected to determine what portions of Exhibit E, Defendant would
9  like the Court to redact which is well outside of this Court's responsibilities.  Additionally, the
10 Defendant has failed to provide the Court with any legal basis to justify the sealing of Exhibit B.
11 As a result, the Court denies, without prejudice, Defendant's request to seal Exhibit B and to redact
12 Exhibit E.

13 Thus, Exhibits B and E are treated as having been returned to Defendant so that he can
14 decide how to proceed in light of this ruling.  *See* generally Local Rule 141(e)(1) (stating that if the
15 sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the
16 documents for which sealing has been denied").

17 **IV.    Conclusion**
18 For the reasons stated above, it is hereby ORDERED that:
19 1. Defendant's request to seal Exhibits A and B and to redact Exhibit E, (ECF No. 528),
20    is DENIED in part and GRANTED in part as follows:
21    a. As to Defendant's Exhibit A, the request is GRANTED;
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

    b. As to Defendant's request to seal Exhibit B and redact Exhibit E, the request is DENIED without prejudice; and

2. The documents to be sealed, shall be sealed until further notice by the Court.

IT IS SO ORDERED.

Dated:  August 8, 2023

                        UNITED STATES DISTRICT JUDGE