1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                No.  1:08-cr-00124-ADA-1

12            Plaintiff,

13       v.                                   ORDER GRANTING GOVERNMENT'S
                                              REQUEST TO SEAL ATTACHMENT TO ITS
14   EUSTORGIO FLORES,                        OPPOSITION TO PLAINTIFF'S MOTION
                                              FOR COMPASSIONATE RELEASE
15            Defendant.
                                              (ECF No. 541)
16

17          On August 23, 2023, the Government filed an opposition to Defendant Eustorgio Flores'

18   motion for compassionate release pursuant to 18 U.S.C. § 3582.  (ECF No. 540.)  At the same

19   time, the Government filed an unopposed request to seal Exhibit 2 to its opposition, which

20   contains over sixty pages of Plaintiff's Bureau of Prisons medical records.  (ECF No. 541.)

21          The public and press have a First Amendment right to access sentencing proceedings.  *See*

22   *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012).[1]  This presumption of access "can

23   be overcome only by an overriding right or interest 'based on findings that closure is essential to

24   preserve higher values and is narrowly tailored to serve that interest.'"  *Oregonian Publ'g Co. v.*

25   *U.S. Dist. Ct. for the Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enter. Co.*

26   *v. Superior Ct.*, 464 U.S. 501, 510 (1985)).  Local Rule 141(b) requires the proponent of a sealing

27

28   [1] Because the text of 18 U.S.C. § 3582(c) describes compassionate release proceedings as sentence modifications, the Court views them in the same light as initial sentencing proceedings for First Amendment purposes.

                                              1

1  request to "describe generally the documents sought to be sealed" and "set forth the statutory or

2  other authority for sealing." E.D. Cal. R. 141(b).

3      Here, the Government seeks to seal, in full, Defendant's medical records in order to

4  protect his medical privacy.  Defendant made a similar request to seal Exhibit A to his motion for

5  compassionate release.  (*See* ECF No. 528.)  When analyzing Defendant's request, the Court

6  noted that there was "no practical way to redact the voluminous documents in Exhibit A, while

7  still making them legible." (ECF No. 533 at 3.)  Similarly, here, the Court recognizes the

8  compelling interest in the confidentiality of private medical records and the impracticality of

9  redaction due to the voluminous nature of those records.  *See United States v. Sanders*, No. 2:13-

10  CR-00312-KJM, 2021 WL 78869, at *5 (E.D. Cal. Jan. 6, 2021).  The Court, therefore, finds that,

11  in this case, (1) sealing serves the compelling interest of guarding Defendant's private medical

12  records; (2) in the absence of closure, this compelling interest would be harmed; and (3) there are

13  no alternatives to sealing that would adequately protect Defendant's compelling interest in his

14  medical privacy.

15      Accordingly,

16  1.    The Government's request to seal Exhibit 2 of its opposition to Defendant's

17        motion for compassionate release, (ECF No. 541), is granted;

18  2.    The Government shall file Exhibit 2 under seal; and

19  3.    Electronic access to the sealed document shall be limited to the United States and

20        counsel for Defendant.

21

22

23  IT IS SO ORDERED.

24    Dated:    October 5, 2023                    _____

25                                          UNITED STATES DISTRICT JUDGE

26

27

28

2