UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:08-cr-00124-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| EUSTORGIO FLORES, | |
| Defendant. | |

This matter is before the Court on Defendant Eustorgio Flores's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 538.)  The Government filed an opposition.  (ECF No. 540.)  Defendant filed a reply.  (ECF No. 549.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

///

1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

2      On April 23, 2010, a jury found Defendant guilty of four counts of the Third Superseding

3   Indictment.  (ECF Nos. 252, 257.)  Count One charged conspiracy to distribute and to possess

4   with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1),

5   841(b)(1)(A), and 846.  (ECF No. 142 at 2.)  Count Four charged attempted distribution of

6   methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  (*Id.* at 4.)

7   Count Five charged distribution of methamphetamine near an elementary school in violation of

8   21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860.  (*Id.*)  Count Six charged possession with intent to

9   distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C.

10   § 2.  (*Id.* at 5.)

11      On August 23, 2010, Judge Oliver W. Wanger sentenced Defendant to a 324-month term

12   of imprisonment, to be followed by a 72-month term of supervised release.  (ECF Nos. 326, 331.)

13   Defendant is currently serving his sentence at FCI-Big Spring, Texas.  (ECF No. 540-1.)  He has

14   served approximately 193 months of his 324-month sentence, and his projected release date with

15   application of good conduct time is April 20, 2030.  (*Id.*)

16      On July 26, 2023, Defendant filed a motion for compassionate release pursuant to 18

17   U.S.C. § 3582(c)(1)(A).  (ECF No. 527.)  Defendant filed what appears to be a corrected version

18   of his motion on August 17, 2023.  (ECF No. 538.)  The Court will only address the later-filed

19   version of Defendant's motion in this Order.  In his motion, Defendant requests the Court reduce

20   his sentence to time served or a term of home confinement.  (*Id.* at 7.)  This matter was reassigned

21   to this Court on May 10, 2024.  (ECF No. 551.)

22   ## II.   ANALYSIS

23   ### A.   Exhaustion

24      Generally, a court "may not modify a term of imprisonment once it has been imposed."

25   18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

26   compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

27   general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

28   ///

1  upon motion of the defendant after the defendant has fully exhausted
   all administrative rights to appeal a failure of the Bureau of Prisons
2  ["BOP"] to bring a motion on the defendant's behalf or the lapse of
   30 days from the receipt of such a request by the warden of the
3  defendant's facility, whichever is earlier.

4  18 U.S.C. § 3582(c)(1)(A).

5       In the instant case, Defendant made a request to the warden on February 10, 2022.  (ECF

6  No. 540 at 3.)  Because more than 30 days have elapsed since that request, Defendant has met the

7  threshold exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

8                    B.      Extraordinary and Compelling Reasons

9       Despite having met the exhaustion requirement, Defendant is eligible for compassionate

10  release only if he can demonstrate there are "extraordinary and compelling reasons" for a

11  sentence reduction and such reduction is "consistent with applicable policy statements issued by

12  the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the

13  current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. §

14  3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (2021).

15  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13

16  may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they

17  are not binding."  *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

18       Defendant asserts his age and medical conditions constitute extraordinary and compelling

19  reasons for his release.  (ECF No. 538 at 15–18.)  Defendant argues he is a 63-year-old man

20  suffering from gallbladder disease, prostate disorder, osteoarthritis of the knee, abdominal pain,

21  constipation, hypercholesterolemia, joint pain, and a partial retinal detachment.  (*Id.* at 15–16.)  In

22  opposition, the Government asserts Defendant's medical records demonstrate the BOP has been

23  able to monitor and treat his medical conditions.  (ECF No. 540 at 6.)

24       The Court agrees with the Government.  Defendant's medical records indicate he is being

25  sufficiently treated for his medical conditions.  As noted by the Government, "[c]hronic

26  conditions 'that can be managed in prison are not a sufficient basis for compassionate release.'"

27  (*Id.* at 7 (citing *United States v. Ayon-Nunez*, No. 16-cr-130-DAD, 2020 WL 704785, at *2–3

28  (E.D. Cal. Feb. 12, 2020).)  Based on the record before the Court, it appears none of Defendant's

conditions substantially diminish Defendant's ability to provide self-care and the BOP is capable of adequately treating such conditions.  Defendant also fails to persuade the Court that his age constitutes an extraordinary and compelling reason for release.

For these reasons, the Court concludes Defendant failed to meet his burden to show extraordinary and compelling reasons for his release.

### C.   18 U.S.C. § 3553(a) Factors

The Court also finds a sentence reduction is not warranted under the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

Defendant discusses several reasons why compassionate release should be granted under these factors: (1) he has demonstrated his rehabilitation while in prison; (2) he does not pose a danger to the public; (3) he has already served 15 years in prison, which is sufficient punishment for his drug conviction; (4) a sentence reduction would avoid sentencing disparities with his co-Defendants; (5) his criminal history is overstated; and (6) he has a solid release plan.  (ECF No. 538 at 18–26.)

In opposition, the Government argues: (1) there is no sentencing disparity because Defendant was not similarly situated to his co-Defendants; (2) Defendant's rehabilitation is not a sufficient basis to grant relief; and (3) the nature and circumstances of the offense and Defendant's history and characteristics support a 324-month sentence.  (ECF No. 540 at 8–11.)

The Court agrees with the Government.  Defendant's 324-month term of imprisonment fell below the applicable guideline range of life.  Defendant's sentence is well-supported considering the serious nature and circumstances of Defendant's drug trafficking offense.  While the Court commends Defendant on positive steps he has taken while in custody, Defendant fails to convince the Court that his rehabilitation efforts warrant a sentence reduction at this time. Defendant also fails to persuade the Court that his medical needs, sentencing disparities, criminal history, or any of the other § 3553(a) factors support a reduction from his well-supported, below-guideline, 324-month term of imprisonment.

///

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 538.)

IT IS SO ORDERED.

Date:  May 22, 2024

Troy L. Nunley
United States District Judge